UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| WEBSTER UNIVERSITY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Webster University (the "University"), by and through counsel, as and for its Notice of Removal of this action to the United States District Court for the Western District of Missouri, states as follows:

1. A civil action (hereinafter, the "State Court Action") has been brought in the Circuit Court of Jackson County, Missouri, entitled *Chelsea Gaarder v. Webster University*, Case No. 2216-CV25351.

2. All records and proceedings from the State Court Action are annexed hereto collectively as Exhibit A.

3. The State Court Action is an action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. The parties are completely diverse because they are citizens of different states.

5. Plaintiff alleges in the petition that she is a resident of the State of Utah, and, therefore, on information and belief, Plaintiff is a citizen of the State of Utah. *See* Ex. A, Petition at ¶ 1.

6. The University is a citizen of the State of Missouri. *See* Ex. A, Petition at ¶ 2.

7. As of the time of this removal, the University has not been served with process in the State Court Action.

8. Under the plain language of Section 1441(b), the University is therefore entitled to remove the State Court Action on the basis of diversity jurisdiction prior to receiving service. The forum-defendant rule set forth in Section 1441(b)(2) plainly states that an action "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added).

9. Federal appellate courts that have addressed the issue have uniformly held that the forum-defendant rule is inapplicable to such snap removals until a forum defendant is served. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (holding that "[t]he forum-defendant rule's procedural barrier to removal was irrelevant" until service of a citizen of the forum state); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (interpreting Section 1441(b)(2) as authorizing the snap removal exception "because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)").

10. While district courts are split on the enforceability of snap removals, two recent Missouri federal court rulings likewise support snap removals as consistent with the plain language of Section 1441(b)(2). In *Tillman v. BNSF Ry. Co.*, a defendant removed a Missouri state court action to the United States District Court for the Eastern District of Missouri just two days after the plaintiff filed the lawsuit and before service of any named defendant including those who were Missouri citizens. No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021). The plaintiff did not challenge the existence of diversity jurisdiction but sought remand based on application of the forum-defendant rule. *Id.* The court ruled (just as in the authorities cited above) that the plain language of Section 1441(b)(2) authorizes the snap removal exception. *Id.* at *3. While the court observed inconsistent narrower approaches to the snap removal exception applied in other decisions, it ruled that a plain reading of Section 1441(b)(2) authorizes removal prior to service of any defendant including the removing defendant. *Id.* The court in *M & B Oil, Inc. v. Federated Mut. Ins. Co.* also denied remand following removal prior to service of the named forum defendant because snap removal is consistent with the "plain, unambiguous language" of Section 1441(b)(2). No. 4:21-CV-00250-NCC, 2021 WL 3472629, at *2 (E.D. Mo. Aug. 6, 2021).

11. In any event, the court in *M & B Oil, Inc.* certified the issue of the snap removal exception for interlocutory appeal to the Eighth Circuit. *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 4:21-CV-00250-NCC, 2021 WL 4963524, at *4 (E.D. Mo. Oct. 26, 2021). The Eighth Circuit accepted that appeal, the parties filed their respective appeal briefs, and the case will be set for oral argument in the near future. *See* Docket, Appeal No. 21-3817.

12. Accordingly, the University's removal should be deemed as timely, the parties as completely diverse, and as not barred by the forum-defendant rule.

13. The jurisdictional amount is satisfied because a reasonable fact finder might legally


3

Case 4:22-cv-00739-RK   Document 1   Filed 11/09/22   Page 3 of 6

conclude that the damages are greater than $75,000, exclusive of interest and costs and Plaintiff cannot demonstrate to a legal certainty that the claim is for less than that amount. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020). Here, the Petition contends fraud and violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA"), related to Plaintiff's enrollment in the University's master's in counseling program. *See* Ex. A, Petition. Plaintiff seeks damages for unspecified amounts including for "loss of income she would have reasonably earned had she not been fraudulently induced into enrolling" (¶ 30) and "Plaintiff will continue to suffer lost income in the future" (¶ 31) as well as alleged damages "for tuition, books, incidental fees, loss of earnings and loss of educational opportunity" (¶ 59) and "punitive damages, reasonable attorney fees…treble damages and such other equitable action and relief as the Court deems necessary and proper" (¶ 59).

14. It cannot be said to a legal certainty that such alleged damages are for less than $75,000.

15. The tuition-related costs for Plaintiff were at least $11,700. *See* Declaration of Amanda Siburt, attached hereto as Exhibit B.

16. Furthermore, in *Kerr v. Vatterott Educ. Centers, Inc.*, 439 S.W.3d 802 (Mo. Ct. App. 2014), a Missouri appellate court affirmed a judgment under the MMPA against a college based on claims related to a student's purchase of education that included an award of $2,078,679.80 in punitive damages and $388,059.00 in attorney fees. *See also Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) (noting that the amount in controversy may be satisfied with analogous case law or a hypothetical itemization of punitive damages and attorney fees); *Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (denying remand because amount in controversy was supported by

"citations to similar cases in which punitive damages and attorney's fees were awarded").

17. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jackson County, Missouri.

18. Pursuant to Local Rule 3.2(a)(1)(A), the University brings this matter in the Court's Western division.

WHEREFORE, Defendant Webster University removes this action to the United States District Court for the Western District of Missouri.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: */s/ Kevin W. Prewitt*
    Kevin W. Prewitt    #66161
    Camille L. Roe    #65142
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (facsimile)
    kprewitt@atllp.com
    croe@atllp.com

    Travis Kearbey    #58964
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    tkearbey@atllp.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2022, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system and also sent a copy via e-mail to the following:

Gene P. Graham, Jr.
Deborah J. Blakely
Taylor M. Arri
White, Graham, Buckley, & Carr, L.L.C.
19049 East Valley View Parkway
Independence, Missouri 64055
ggraham@wagblaw.com
dblakely@wagblaw.com
tarri@wagblaw.com
Attorneys for Plaintiff

                                                 /s/ *Kevin W. Prewitt*
                                                 Attorney for Defendant