IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHELSEA GAARDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00739-RK |
| | ) | |
| WEBSTER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

There are several motions currently pending before the Court in this state-law removal action: (1) a motion to transfer to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) (Doc. 7); (2) a motion to remand under 28 U.S.C. § 1447(c) (Doc. 9); and (3) a motion to stay pending resolution of the motion to remand (Doc. 10).

### Discussion

Plaintiff Chelsea Gaarder filed this consumer-protection action against Defendant Webster University in the Circuit Court of Jackson County, Missouri, asserting claims under the Missouri Merchandising Practices Act and Missouri common law. (Doc. 1-2 at 3-13.) Less than one week after the lawsuit was filed (and prior to being served) Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Defendant then filed a motion to transfer venue to the Eastern District of Missouri pursuant to § 1404(a). (Doc. 7.) Three days later, Plaintiff filed a motion to remand the case to state court, arguing that Defendant's removal violated the forum-defendant rule.[1] (Doc. 9.) On the same day, Plaintiff filed a motion to stay these proceedings pending resolution of her motion to remand. (Doc. 10.)

---

[1] The "forum-defendant rule," 28 U.S.C. § 1441(b)(2), provides that when a district court otherwise has diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a), an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant argues that its removal was proper notwithstanding that it is a citizen of the State of Missouri because it was not "properly joined and served" at the time it removed the action, relying on the practice of "snap removal." *See Bryan v. Hobby Lobby Stores, Inc.*, No. 19-00322-CV-W-JTM, 2019 WL 13203970, at *3 (W.D. Mo. July 9, 2019) (analyzing the practice of snap removal, which is a defendant "removing a case to federal court before any service of process is completed"). Defendant argues "snap removal" is proper because the forum-defendant rule is activated only when the forum defendant has been "properly joined and served." The Eighth Circuit is poised to address snap removal in two cases currently pending before the Court, both originating in the Eastern District of Missouri: *M&B Oil, Inc. v.*

Plaintiff's motion to stay appears to rely on the proposition that the issue raised in her motion to remand raises a question as to the Court's jurisdiction. The removal defect asserted in this case, however, is the propriety of Defendant's snap removal – i.e., whether Defendant (as a forum-defendant) is allowed to remove the action notwithstanding the forum-defendant rule because it had not yet been "properly joined and served" when it did so. The Eighth Circuit has expressly held that a violation of the forum-defendant rule in removal does *not* raise a jurisdictional issue. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc).[2]

Moreover, the Court notes that nothing precludes transfer of venue under § 1404(a) in removal cases, generally. In fact, district courts routinely consider motions to transfer under § 1404(a) after a case has been removed. *See, e.g.*, *Russell v. Liberty Fruit Co., Inc.*, No. 22-cv-00176-SRB, 2022 WL 947169, at *3 (W.D. Mo. Mar. 29, 2022); *Lone Tree Farms, Inc. v. Beskau*, No. 08-0577-CV-W-DGK, 2008 WL 11337942, at *2-4 (W.D. Mo. Nov. 24, 2008). And nothing in the plain statutory language of § 1404(a) suggests that transfer of venue is only permitted in cases originally filed in federal court rather than those that end up in federal court upon removal. *See* § 1404(a) (providing that, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer *any civil action* to any other district or division where it might have been brought[.]") (emphasis added); *see also Pub. Emps. Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1074-75 (C.D. Cal. 2009) (finding the Court "need not address the propriety of removal before ruling on the motion to transfer") (citing *Gould v. Nat'l Life Inc. Co.*, 990 F. Supp. 1354, 1362 (M.D. Ala. 1998)). Plaintiff does not argue to the contrary.

Transfer of venue under § 1404(a) is an exercise of the Court's discretion. *See Everett v. St. Ansgar Hosp.*, 974 F.2d 77, 79 (8th Cir. 1992). And the Court may consider transfer under § 1404(a) even *sua sponte*. *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) ("There is authority supporting the district court's ability to *sua sponte* transfer a case under § 1404(a)) (citing *I-T-E Circ. Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965))

---

*Federated Mut. Ins. Co.*, No. 21-3817 (8th Cir.); *Cagle v. NHC Healthcare*, No. 22-2757 (8th Cir.).

[2] In arguing that the Court must first consider Plaintiff's motion to remand, Plaintiff relies on *Knight v. Nationwide Insurance Co. of America*, No. 16-CV-01315-W-FJG, 2017 WL 2983046 (W.D. Mo. July 12, 2017). There, the district court first addressed the motion to remand and only then turned to defendant's motion to transfer venue/motion to dismiss. *See id.* at *3-4. In that case, however, the plaintiff argued that remand was required not because of a non-jurisdictional statutory defect in removal (like the violation of the forum-defendant rule) but because the amount-in-controversy requirement had not been satisfied in that case; raising a jurisdictional issue. *Id.* at *2-3. *Knight* does not require the Court first consider Plaintiff's motion to remand because Plaintiff does not assert a jurisdictional defect in Defendant's removal.

(other citations omitted); *McClain v. Wal-Mart/Sam's Club*, No. 4:20-CV-1607 RLW, 2020 WL 7024211, at *1 (E.D. Mo. Nov. 30, 2020); *Clark v. Transam. Life Ins. Co.*, No. 4:09-CV-00877 GTE, 2010 WL 2899377, at *3 (E.D. Ark. June 18, 2010).

In deciding whether to transfer venue under § 1404(a), the Court must consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice," in addition to considering case-specific circumstances and "all relevant factors." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). Under the interests of justice prong, courts consider judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Id.* at 696; *Matthews v. BNSF Ry. Co.*, No. 16-03211-CV-S-RK, 2016 WL 7404716, at *1 (W.D. Mo. Dec. 21, 2016). Courts must also consider relevant unenumerated factors. *Terra*, 119 F.3d at 691. The purpose of the statute is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The ultimate transfer decision should be based on the totality of the circumstances. *Terra*, 119 F.3d at 691; *see also Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 980 (E.D. Mo. 2016) ("Ordinarily [in considering transfer under § 1404(a)], the district court will weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice.") (citation and quotation marks omitted). In sum, "section 1404(a) provides for transfer to a *more* convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected. Transfer should be denied if the factors are evenly balanced or weigh only slightly in favor of transfer." *Gomes v. Am. Cent. Cos., Inc.*, No. 10-0083-CV-W-SOW, 2011 WL 13290645, at *2 (W.D. Mo. Feb. 18, 2011) (citation, quotation marks, and internal alterations omitted); *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, No. 04-3421-CV-S-RED, 2005 WL 8170439, at *2 (W.D. Mo. Sept. 15, 2005).

Here, Defendant argues that: (1) the action might have been brought in the United States District Court for the Eastern District of Missouri, including the County of St. Louis, Missouri, where Defendant is located[3]; (2) the allegations concern representations made by individuals in

---

[3] Under federal law, "[a] civil action may be brought in . . . a judicial district in which any defendant

Defendant's admissions office which is based in St. Louis, Missouri; and (3) there is another nearly identical lawsuit currently pending in the Eastern District asserting largely the same allegations and theories against the Defendant on behalf of another plaintiff, *Rhoads v. Webster University*, No. 4:22-cv-01196 (E.D. Mo.). (Doc. 7.)\

The Court is persuaded that under the circumstances of this case, the Eastern District of Missouri is a more convenient forum. Plaintiff is not a resident of Western District of Missouri or the State of Missouri at all. Rather, Plaintiff currently resides in Utah. The petition alleges that while Plaintiff previously was residing in Missouri, Plaintiff contacted an employee in Defendant's admissions office who informed her the counseling program Plaintiff was interested in pursuing was accredited. (Doc. 1-2 at 4, ¶¶ 1 & 9.) The remaining allegations as to Defendant's representations about the counseling program giving rise to this lawsuit occurred electronically by website, email, or virtual meetings. (*Id.* at ¶¶ 10, 11, 12.) This forum is only somewhat more convenient for Plaintiff only if by simple geographic proximity, at least compared to the Eastern District of Missouri. The Eastern District of Missouri, however, is a more convenient forum for Defendant, including considering that the relevant records and witnesses would be located there rather than in the Western District. Moreover, the interests of justice weigh heavily in favor of transfer to the extent the instant case could be consolidated with *Rhodes v. Webster University*, No. 4:22-cv-01196. *See* Fed. R. Civ. P. 42(a). Doing so would enhance judicial economy and avoid potentially inconsistent judgments. In sum, for all these reasons and after consideration of the § 1404(a) factors, in addition to the particular circumstances and facts in this case, the Court finds the Eastern District is a more convenient forum.

Accordingly, the Court **ORDERS** that (1) Plaintiff's motion to stay (Doc. 10) is **DENIED**; and (2) Defendant's motion to transfer venue (Doc. 7) is **GRANTED**; this case is **TRANSFERRED** to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 10, 2023

---

resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In addition, a defendant which is an entity "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).